Gray v Diamond Prop. Mgt. (2026 NY Slip Op 50368(U))

[*1]

Gray v Diamond Prop. Mgt.

2026 NY Slip Op 50368(U)

Decided on March 20, 2026

Civil Court Of The City Of New York, Kings County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through March 24, 2026; it will not be published in the printed Official Reports.

Decided on March 20, 2026
Civil Court of the City of New York, Kings County

Monica Gray, Petitioner,

againstDiamond Property Management, et al., Respondents.

Index No. L&T 2622-25

Monica Gray, pro se PetitionerEdelman Schwartz, PLLC, attorneys for Respondent Diamond Property Management

Logan J. Schiff, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Respondent's motion to dismiss (mot. seq. 1): NYSCEF 27-35.
The court's decision and order is as follows:
Petitioner Monica Gray, the shareholder and proprietary lessee of a cooperative unit, commenced this Housing Part (HP) proceeding to compel Respondent, Diamond Property Management, the registered managing agent of the subject 87-unit building, to correct Housing Maintenance Code (HMC) violations upon filling a Petition by order to show cause dated October 23, 2025. The Petition seeks an order to correct alleged violations for lack of electricity in the bedroom and bathroom of Petitioner's apartment and a ceiling leak causing peeling paint and stains.
Respondent now moves to dismiss pursuant to CPLR 3211(a)(1), arguing that Petitioner's proprietary lease, a copy of which is annexed to the moving papers, delegates responsibility to the shareholder for maintenance of the entire interior of their apartment, including with respect to electrical wiring and conduits, painting, and all plumbing fixtures. Respondent posits that it is apparent from the face of the Petition that the conditions alleged by Petitioner are all within the four walls of her apartment, for which Petitioner is legally responsible for upkeep, and as such an HP proceeding does not lie.
The court heard argument on March 20, 2026, at which time it permitted Petitioner, a pro se litigant, to oppose the motion orally (see Messam v Omeally, 52 Misc 3d 144 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists. 2016]). Petitioner argues that, as is evident from the recurring, open HMC violations for concealed water leaks and unsafe electrical wiring, the latter a direct product of the water damage, the conditions at issue emanate from outside the four walls of the apartment. Petitioner further contends that Respondent, the registered managing agent for a building nominally organized as a cooperative but in which approximately 80% of the units are [*2]held by a holder of unsold shares, has repeatedly accepted responsibility in the past during her 35-year tenancy and made repairs to address the same underlying conditions, albeit ineffectually. In oral reply, Respondent concedes it has previously made repairs within the unit but argues it has since determined it is not the responsibility of the managing agent or the cooperative.
A motion to dismiss pursuant to CPLR 3211(a)(1) based upon documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (572 Walt Whitman Rd. Holdings, LLC v Whitman Capital, LLC, 237 AD3d 878 [2d Dept 2025] [internal citation and quotation omitted]).
Here, while Petitioner's uncontested proprietary lease constitutes documentary evidence (see Thurman v Sullivan Properties, 226 AD3d 453 [1st Dept 2024]), it fails to utterly refute Petitioner's cause of action via a special proceeding in the Housing Part to compel an owner, including a managing agent, to correct violations of the HMC, a remedy available to any lawful occupant of a residential dwelling (see N.Y.C. Admin. Code [HMC] § 27-2120[b], § 27-2004[a][45]). As an initial matter, the cooperative corporation and its registered managing agent, as statutory owners, have a non-delegable duty under HMC § 27-2005[a] and Multiple Dwelling Law (MDL) § 78 to correct all health and safety code violations, irrespective of any contractual claim they may have for reimbursement from a shareholder arising out of the proprietary lease (see Kahn v 230-79 Equity Inc., 2 Misc 3d 140 [App Term, 1st Dept 2004]; Farber v 535 E. 86th St. Corp., 2002 NY Slip Op 50064 [App Term, 1st Dept 2002], citing McMunn v Steppingstone Mgmt. Corp., 131 Misc 2d 340 [Civ Ct, New York Co 1986]; Pershad v Parkchester South Condo, 178 Misc 2d 788 [App Term, 1st Dept 1998]). Further, even were the court to accept the Respondent's argument that it is only obligated to correct housing conditions outside the exterior walls of Petitioner's unit, Respondent's submission in no way conclusively establishes that the 17 open HMC violations in Petitioner's apartment, of which this court takes judicial notice from the Department of Housing Preservation and Development's website (see MDL § 328[3]), are not the result of concealed leaks originating outside of the unit, a factual inquiry not subject to summary disposition (see Cajahuanca v City of New York, 231 AD3d 1006 [2d Dept 2024]). Accordingly, Respondent's motion to dismiss is denied.
Inasmuch as the open HMC violations in Petitioner's apartment, for which no certification of correction has been filed, are prima facie proof that the conditions underlying the violations exist and remain uncorrected (see MDL § 328[3]), HMC §§ 27-2115[o][2], 27-2115[f][7]]), and Respondent has consented to this court's jurisdiction by virtue of its pre-answer motion to dismiss that did not challenge service of process (see Lakeview Affordable Hous., LLC v Turner, 121 NYS3d 510) [App Term, 2d Dept, 9th & 10th Jud Dists 2020]) and does not meaningfully dispute the existence of the conditions, on the court's own motion, pursuant to HMC § 27-2121 and Civil Court Act § 110(c), Respondent, Diamond Property Management, is hereby ordered to correct the following violations of the HMC:

VIOLATION IDCLASSORDERAPT #STORY #REPORTED DATVIOLATION DESCRIPTION
18695583B583309Basement03/08/2026§ 27-2026, 2027 hmc: properly repair the source and abate the evidence of a water leak at ceiling in the kitchen located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west"
18695581B583309Basement03/08/2026§ 27-2026, 2027 hmc: properly repair the source and abate the evidence of a water leak at ceiling in the 2nd room from north located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west"
18695584B508309Basement03/08/2026§ 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling and north wall in the kitchen located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west"
18695580A502309Basement03/08/2026§ 27-2005 adm code properly repair with similar material the broken or defective vinyl floor tile in the kitchen located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west
18695577B501309Basement03/08/2026§ 27-2005 hmc: properly repair or replace the broken or defective electrical outlet at north, west and east walls in the 4th room from north located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west"
18695582B501309Basement03/08/2026§ 27-2005 hmc: properly repair or replace the broken or defective electrical light fixture at south wall in the bathroom located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west"
18723224B508309Basement03/08/2026§ 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color at ceiling in the 2nd room from north located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west "
18723230B550309Basement03/08/2026§ 27-2017.3 hmc: trace and repair the source and abate the visible mold condition... greater than 10 sq.ft at north and west wall in the kitchen located at bsmt-apt 309, 2nd bsmt-apt from east at south , section "west "
18261531B501309309/29/2025§ 27-2005 hmc: properly repair or replace the broken or defective light fixture at ceiling in the bathroom located at apt 309, 3rd story, 2nd apartment from east at south
18261534C530309309/29/2025§ 27-2005, 27-2007, 27-2041.1 hmc, §238, § 309; § 107 (2) (c) mdl and 28 rcny §25-171: replace or repair the self-closing doors that is missing or defective hinges.. in the entrance located at apt 309, 3rd story, 2nd apartment from east at south
18261533B501309309/29/2025§ 27-2005 hmc: properly repair or replace the broken or defective electrical outlets at north, west and east walls in the 4th room from north located at apt 309, 3rd story, 2nd apartment from east at south
18261532A556309309/29/2025§ 27-2013 adm code paint with light colored paint to the satisfaction of this department at ceiling in the kitchen located at apt 309, 3rd story, 2nd apartment from east at south
17644993C689309301/24/2025§ 27-2005, 2006, 2037 hmc: properly repair and abate unsafe electric wiring condition consisting of exposed wires at east wall in the private hallway located at apt 309, 3rd story, 2nd apartment from east at south
17645007C508309301/24/2025§ 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color the north and west walls in the 3rd room from north located at apt 309, 3rd story, 2nd apartment from east at south[FN1]

Respondent is to correct all the foregoing violations within 30 days of this order, or the court will impose civil penalties (see HMC § 27-2115[h][1]). Respondent is to contact Petitioner promptly by phone to arrange reasonable access on at least 48 hours' notice.[FN2]
The proceeding is hereby adjourned to May 4, 2026, for compliance purposes.
This is the decision and order of the court.
Dated: March 20, 2026Brooklyn, New YorkHON. LOGAN J. SCHIFF, J.H.C.

Footnotes

Footnote 1:The court has excluded from its Order to Correct violations for conditions that were open prior to the filing of the Petition and for which Petitioner did not seek correction.

Footnote 2:The court confirmed during the appearance that the parties have shared contact information and are able to coordinate access dates amongst themselves.